# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Wilfrido Cali and Arnulfo Sosa, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 17-cv-7087 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| Tacos Cuaotla Morelos Inc. d/b/a Tacos Cuautla Morelos, Justino Doe, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Wilfrido Cali and Arnulfo Sosa, by and through their undersigned attorneys, for their complaint against defendants Tacos Cuaotla Morelos Inc. d/b/a Tacos Cuautla Morelos, Justino Doe, and John Does #1-10, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Wilfrido Cali and Arnulfo Sosa allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Tacos Cuaotla Morelos Inc. d/b/a Tacos Cuautla Morelos, Justino Doe, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Cali and Mr. Sosa further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation, in Mr. Cali's case, for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iv) compensation for defendants' violation of the Wage Theft Prevention Act, and

(v) liquidated damages pursuant to New York Labor Law for these violations.

**THE PARTIES**

3.    Plaintiff Mr. Cali is an adult individual residing in Brooklyn, New York.

4.    Plaintiff Mr. Sosa is an adult individual residing in the Bronx, New York.

5.    Mr. Cali and Mr. Sosa consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.    Upon information and belief, defendant Tacos Cuaotla Morelos Inc. d/b/a Tacos Cuautla Morelos (hereinafter "TCM"), is a New York corporation with a principal place of business at 438 East 9th Street, New York, New York.

7.    At all relevant times, defendant TCM has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.    Upon information and belief, at all relevant times, defendant TCM has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, defendant TCM has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, defendant TCM has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, defendant Justino Doe, an individual whose last name is unknown, is an owner or part owner and principal of TCM, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Justino Doe was involved in the day-to-day operations of TCM and played an active role in managing the business.

13. Specifically, Justino Doe hired plaintiffs, set their wages and work schedules, and paid them each payday.

14. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of TCM, whose identities are unknown at this time, who participated in defendants' day-to-day operations, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the

FLSA, New York Labor Law, and federal and state implementing regulations.

15. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective class of persons defined as follows:

> All persons who are or were formerly employed by
> defendants in the United States at any time since
> September 14, 2014, to the entry of judgment in
> this case (the "Collective Action Period"), who
> were delivery people, and who were not paid
> statutory minimum wages and/or overtime
> compensation at rates at least one-and-one-half

times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as delivery people, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

20. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by TCM.

21. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

22. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

23. At all relevant times herein, defendants owned and operated a Mexican restaurant in New York.

24. Mr. Cali was employed by defendants from approximately September 2016 through August 27, 2017,

although he did not work for approximately two months during that time period.

25. Mr. Sosa was employed by defendants from roughly mid-2016 through August 15, 2017, although he did not work for approximately one month during that time period.

26. Plaintiffs were employed as delivery people.

27. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

28. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

29. When Mr. Cali's employment began, he generally worked five days per week – four half days and one full day. After approximately three months, he began working six days per week – three half days and three full days.

30. As a result, Mr. Cali worked roughly 35 hours per week at the outset of his employment, and 50 hours per week from roughly January 2017 through the end of his employment.

31. When Mr. Sosa's employment began, he generally worked six days per week, for a total of approximately 60

hours per week. Commencing in approximately November 2016, he began working 5 half days per week, for a total of between 30-33 hours per week each week.

32. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

33. Plaintiffs were paid at an hourly rate of $4.00 per hour throughout their employment with defendants; although plaintiffs and other delivery people asked for raises, they were told that if they did not like their pay they could go work somewhere else.

34. As a result, each plaintiff's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

35. In addition to their pay, plaintiffs generally received tips for their work.

36. However, defendants never provided plaintiffs with any notices or information regarding the "tip credit" and had no agreement in place with them regarding a tip credit.

37. Upon information and belief, defendants did not keep accurate records of the tips received by plaintiffs.

38. Defendants' failure to pay plaintiffs an amount at least equal to the federal or New York state minimum

wages in effect during all relevant time periods was willful, and lacked a good faith basis.

39. Plaintiffs were paid in cash, and did not receive any paystubs or wage statements with their pay.

40. In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

41. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

42. Plaintiff Cali worked one or two shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

43. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their

hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

45. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) as delivery people at defendants' restaurant.

46. Upon information and belief, these individuals were each paid just $4.00 per hour, less than the minimum wage, in violation of the FLSA and the New York Labor Law.

47. Upon information and belief, these other individuals have sometimes worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times the regular hourly rate in violation of the FLSA and the New York Labor Law.

48. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

49. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

51. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

53. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

54. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

55. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

#### (New York Labor Law – Minimum Wage)

57. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

60. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

62. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

64. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

65. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

67. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

68. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

71. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

73. Mr. Cali repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Mr. Cali was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants willfully violated Mr. Cali's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

76. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to defendants' New York Labor Law violations, Mr. Cali is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**(New York Labor Law – Wage Theft Prevention Act)**

78.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80.   Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

81.   Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

82.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day through the end of their employment, up to the maximum statutory damages.

83.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory

damages of $50 per day through the end of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages to Mr. Cali for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.


Dated:  September 14, 2017


_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Tacos Cuautla Morelos and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Tacos Cuautla Morelos y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____

Wilfrido Cali

Date: September 12, 2017

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Tacos Cuautla Morelos and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Tacos Cuautla Morelos y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Arnulfo Sosa

Date: September 13, 2017